UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANDRE WINSTON,               )
                             )
        Plaintiff,           )
                             )
v.                           )    19-4010
                             )
L. STEFFEN, *et al.*         )
                             )
        Defendants.          )

### MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a

merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff alleges that he was charged with three rules violations in December 2018. According to documents Plaintiff attached to his complaint, Plaintiff was served with notice on December 14, 2018, that hearings for all three alleged infractions would occur on December 17, 2018. Plaintiff alleges that the Behavioral Committee issued a warning for an offense committed on December 11, 2018. Plaintiff alleges that he later received notice two days later that the warning had been changed to include a 6-month restriction on all recreation activities. Plaintiff alleges that the recreation activities are vital to his treatment at the facility.

Plaintiff alleges he filed a grievance regarding the modification of his punishment shortly thereafter. Plaintiff alleges that on January 9, 2019, Defendants Lodge and Lucas moved him to a new cell and allowed another inmate to move Plaintiff's property. Plaintiff alleges this was done in retaliation for filing the grievance. Plaintiff alleges he now resides in a new cell, that he has not yet received his property, and that he was told that the other resident who moved his belonging dropped a Walkman and "took other things."

Plaintiff states a claim for retaliation against Defendants Lodge and Lucas for the alleged cell move. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff also states a claim for inadequate mental health treatment against Defendants Jumper, Lodge, and Lucas based upon the alleged restriction on recreational activities that are vital to his rehabilitation. *Hughes v. Farris*, 837 F.3d 807, 808 (7th Cir. 2016). Plaintiff does not state a procedural due process claim as the recreation activities restriction is not a deprivation sufficient to trigger due process concerns. *Miller v. Dobier*, 634 F.3d 412, 415-16 (7th Cir. 2011). Plaintiff does not make any allegations against Defendants Scott, Simpson, Steffen, or Unknown Staff. Therefore, these defendants will be dismissed.

**It is therefore ordered:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a claim for retaliation against Defendants Lodge and Lucas, and a claim for inadequate mental health treatment against Defendants Jumper, Lodge, and Lucas. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

      6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

      8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Gregg Scott, S. Simpson, L. Steffen, and Unknown Staff as defendants.

12. The clerk is directed to attempt service on S. Jumper, P. Lodge, and D. Lucas pursuant to the standard procedures.

13. Plaintiff's Motion for Leave to Proceed in forma pauperis [3] is granted.

14. Plaintiff's Motion for Immediate Relief for Preliminary Injunction [5] is denied. Fed. R. Civ. P. 65 prohibits the court from issuing the relief Plaintiff seeks absent service of the defendants or a showing of why defendants should not be served prior to issuing injunctive relief. Neither has occurred here. In addition, Plaintiff has not yet made a showing that he is likely to succeed on the merits, or that irreparable harm will occur if the injunction is not granted. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003).

15. Plaintiff's Motion to Waive Fee [6] is denied as moot. Plaintiff paid the initial filing fee on February 23, 2019.

Entered this 10th day of June, 2019

/s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE